JJD
F. #2020R00632

FILED
CLERK

10:54 am, Apr 26, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FREDY IVAN JANDRES-PARADA,
    also known as "Lucky de Park View"
    and "Lacky de Park View,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & ORDER

20-CR-577 (JMA)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. Any and all discovery material designated by the government as "Sensitive Discovery Material" and produced to the defendant FREDY IVAN JANDRES-PARADA, also known as "Lucky de Park View" and "Lacky de Park View," (the "defendant"), by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, may be used by the defendant and defense counsel for any purpose consistent with this Protective Order and in furtherance of the representation of the defendant in connection with the above-captioned matter;

2. The Sensitive Discovery Material produced by the government pursuant to this Stipulation & Order may include: recorded conversations; line sheets and summaries;

cellular telephone extraction reports; documents and materials that contain medical records, including autopsy reports and photographs; crime scene photographs and videos; criminal history reports; and other reports or documents that are graphic in nature; as well as records containing sensitive information about, or the personal identifiable information ("PII") of, defendants, victims, witnesses, and their families. Defense Counsel may petition the Court at any time to challenge the government's designation of material as Sensitive Discovery Material.

3. Any and all Sensitive Discovery Material produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of defense counsel, which shall include expert witnesses, paralegals, investigators, interpreters and legal assistants retained by defense counsel, who shall be bound by the terms of this Protective Order, without further order of the Court;

4. Each of the individuals to whom disclosure is authorized in paragraph 3 shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material;

5. The defendant may review the Sensitive Discovery Material only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody or control of the Sensitive Discovery Material, except to the extent necessary for the defendant to review the Sensitive Discovery Material in the presence of defense counsel or defense counsel's staff. The defendant is further prohibited from disseminating any Sensitive Discovery Material, and is precluded from taking any Sensitive Discovery Material, or

copies thereof, with him into any jail facility, or possessing any of the Sensitive Discovery Material in any jail facility, either before, during, or after trial. The defendant may review the Sensitive Discovery Material in the possession of defense counsel or any investigative, secretarial, clerical, or paralegal personnel employed by the defense, only when in the presence of defense counsel or any investigative, secretarial, clerical, or paralegal personnel employed by the defense.

6. Where the defendant and/or defense counsel wish to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material to any individual to whom disclosure is not authorized by paragraph 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. None of the Sensitive Discovery Material nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding. Where the defendant and/or defense counsel wish to attach any portion of the Sensitive Discovery Material to public filings made with the Court, the Sensitive Discovery Material and any pleadings or submissions referencing the content of that material shall be filed or lodged under seal;

8. Nothing in this Stipulation and Order shall preclude any party from seeking: (a) a further protective order pursuant to Rule 16(d) as to particular items of discovery

material; or (b) modification of this Protective Order by a judge of competent jurisdiction. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violations thereof;

9. If the defendant obtains substitute or additional counsel, the undersigned defense counsel will not transfer any of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material unless and until substitute or additional counsel enters into this Stipulation and Order. Nothing in this Stipulation and Order prevents counsel from discussing the Sensitive Discovery Material with counsel for other defendants named in the Indictment or any Superseding Indictment(s) who are also bound by this Stipulation and Order;

10. The defendant and defense counsel will destroy or return to the government any Sensitive Discovery Material and all copies thereof, whether in the possession of defense counsel or members of the legal staff of and expert witnesses and linguists retained by defense counsel who have signed this Stipulation and Order, either within seven (7) days of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing, if no appeal is filed, or (c) the issuance of an appellate decision rendering a final judgment; and

11. Any violation of this Stipulation and Order: (a) will require the immediate destruction or return to the United States of the Sensitive Discovery Material and all copies thereof; and (b) may result in contempt of Court.

Dated: Central Islip, New York
April 25, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
John J. Durham
Assistant U.S. Attorney

_____
James Branden, Esq.
Attorney for Fredy Ivan Jandres-Parada

SO ORDERED
this 26 day of April, 2024

/s/ JMA
_____
THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK