**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

August 17, 2023

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

Re: United States v. Arevalo-Chavez, et al.
Criminal Docket No.: 22-429 (JMA)

Dear Judge Azrack:

The government submits this letter to respectfully request that the Court sign the attached Stipulation and Order, pursuant to Federal Rule of Criminal Procedure 16(d), which addresses the use and handling of "Sensitive Discovery Material," which will be produced by the government to the defendants in this matter. As the Court will note, the Stipulation and Order has been signed by Donald duBoulay, Esq., Glenn Obedin, Esq., and Steve Zissou, Esq.,[1] who represent the defendants Jose Wilfredo Ayala-Alcantara, Marlon Antonio Menjivar-Portillo, and

[1] Sabrina Shroff, Esq., counsel for the defendant Vladimir Antonio Arevalo-Chavez has not signed the Stipulation and Order yet, but once she does the government will produce the discovery materials to her as well. Until then, or in the alternative, the government will make such materials available for Ms. Shroff's review at the Long Island United States Attorney's Office during regular business hours.

Walter Yovani Hernandez-Rivera, respectively, and the government. Once the order is in place, the government will produce additional discovery materials to counsel for those defendants.

Respectfully submitted,

BREON PEACE
United States Attorney

By: ________________________
John J. Durham
Assistant U.S. Attorney
(631) 715-7851

Attachment

cc: Counsel of Record (By ECF)
Clerk of the Court (JMA)(By ECF)

JJD
F. #2020R00632

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

VLADIMIR ANTONIO AREVALO-CHAVEZ,
also known as "Vampiro de Monserrat Criminales,"
JOSE WILFREDO AYALA-ALCANTARA,
also known as "Indio de Hollywood,"
WALTER YOVANI HERNANDEZ-RIVERA,
also known as "Baxter de Park View,"
and "Bastard de Park View," and
MARLON ANTONIO MENJIVAR-PORTILLO,
also known as "Rojo de Park View,"

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & ORDER

22-CR-429 (JMA)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. Any and all discovery material designated by the government as "Sensitive Discovery Material" and produced to the defendants VLADIMIR ANTONIO AREVALO-CHAVEZ, also known as "Vampiro de Monserrat Criminales," JOSE WILFREDO AYALA-ALCANTARA, also known as "Indio de Hollywood," WALTER YOVANI HERNANDEZ-RIVERA, also known as "Baxter de Park View," and "Bastard de Park View," and MARLON ANTONIO MENJIVAR-PORTILLO, also known as "Rojo de Park View," (together, "the defendants" ) by the government in the above-captioned case, and

any and all copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, may be used by the defendants and defense counsel for any purpose consistent with this Protective Order and in furtherance of the representation of the defendants in connection with the above-captioned matter;

2. The Sensitive Discovery Material produced by the government pursuant to this Stipulation & Order may include: recorded conversations; line sheets and summaries; cellular telephone extraction reports; documents and materials that contain medical records, including autopsy reports and photographs; crime scene photographs and videos; criminal history reports; and other reports or documents that are graphic in nature; as well as records containing sensitive information about, or the personal identifiable information ("PII") of, defendants, victims, witnesses, and their families. Defense Counsel may petition the Court at any time to challenge the government's designation of material as Sensitive Discovery Material.

3. Any and all Sensitive Discovery Material produced to the defendants by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, shall not be further disseminated by the defendants or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of defense counsel, which shall include expert witnesses, paralegals, investigators, interpreters and legal assistants retained by defense counsel, who shall be bound by the terms of this Protective Order, without further order of the Court;

4. Each of the individuals to whom disclosure is authorized in paragraph 3 shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material;

5. The defendants may review the Sensitive Discovery Material only in the presence of defense counsel or defense counsel's legal staff. The defendants are prohibited from having possession, custody or control of the Sensitive Discovery Material, except to the extent necessary for the defendants to review the Sensitive Discovery Material in the presence of defense counsel or defense counsel's staff. The defendants are further prohibited from disseminating any Sensitive Discovery Material, and are precluded from taking any Sensitive Discovery Material, or copies thereof, with them into any jail facility, or possessing any of the Sensitive Discovery Material in any jail facility, either before, during, or after trial. The defendants may review the Sensitive Discovery Material in the possession of defense counsel or any investigative, secretarial, clerical, or paralegal personnel employed by the defense, only when in the presence of defense counsel or any investigative, secretarial, clerical, or paralegal personnel employed by the defense.

6. Where the defendants and/or defense counsel wish to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material to any individual to whom disclosure is not authorized by paragraph 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. None of the Sensitive Discovery Material nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public

exhibits at any conference, hearing, trial or other proceeding. Where the defendants and/or defense counsel wish to attach any portion of the Sensitive Discovery Material to public filings made with the Court, the Sensitive Discovery Material and any pleadings or submissions referencing the content of that material shall be filed or lodged under seal;

8. Nothing in this Stipulation and Order shall preclude any party from seeking: (a) a further protective order pursuant to Rule 16(d) as to particular items of discovery material; or (b) modification of this Protective Order by a judge of competent jurisdiction. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violations thereof;

9. If any defendant obtains substitute or additional counsel, the undersigned defense counsel will not transfer any of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material unless and until substitute or additional counsel enters into this Stipulation and Order. Nothing in this Stipulation and Order prevents counsel from discussing the Sensitive Discovery Material with counsel for other defendants named in the Indictment or any Superseding Indictment(s) who are also bound by this Stipulation and Order;

10. The defendants and defense counsel will destroy or return to the government any Sensitive Discovery Material and all copies thereof, whether in the possession of defense counsel or members of the legal staff of and expert witnesses and linguists retained by defense counsel who have signed this Stipulation and Order, either within seven (7) days of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing, if no appeal is filed, or (c) the issuance of an appellate decision rendering a final judgment; and

11. Any violation of this Stipulation and Order: (a) will require the immediate destruction or return to the United States of the Sensitive Discovery Material and all copies thereof; and (b) may result in contempt of Court.

Dated: Central Islip, New York
AUGUST 17, 2023

BREON PEACE
United States Attorney
Eastern District of New York

By: ______________________
John J. Durham
Assistant U.S. Attorney

______________________
Sabrina P. Shroff, Esq.
Attorney for Vladimir Antonio Arevalo-Chavez

______________________
Steven Zissou, Esq.
Attorney for Walter Yovani Hernandez-Rivera

______________________
Glenn Obedin, Esq.
Attorney for Marlon Antonio Menjivar-Portillo

______________________
Donald duBoulay
Attorney for Jose Wilfredo Ayala-Alcantara

SO ORDERED
this ____ day of ~~July~~ AUGUST, 2023

______________________
THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK