

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JLG
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

November 19, 2024

By Federal Express and ECF

| | |
|---|---|
| Elizabeth E. Macedonio, Esq. | James M. Branden, Esq. |
| Elizabeth E. Macedonio, P.C. | Law Office of James M. Branden |
| 52 Duane Street, 7th Floor | 80 Bay Street Landing, Suite 7J |
| New York, New York 10007 | Staten Island, New York 10301 |
| | |
| Michael Anthony Marinaccio, Esq. | Jeffrey G. Pittell, Esq. |
| 245 Main Street, Suite 420 | Maher & Pittell LLP |
| White Plains, New York 10601 | 42-40 Bell Boulevard, Suite 302 |
| | Bayside, New York 11361 |

      Re:    United States v. Borromeo Enrique Henriquez, et al.
                  Criminal Docket No. 20-577 (JMA)

Dear Counsel:

      Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from each of the defendants.

      The enclosed materials, which have been stamped with control numbers 000001 through 092903, are designated as *Sensitive Discovery Material*, which are being provided pursuant to a Stipulation & Order that has been executed by all counsel and so-ordered by the Court. See ECF Dkt. Nos. 31 (Canales-Rivera), 46 (Jandres-Parada), 79 (Lopez-Larios)). These materials consist of the following:[1]

---

[1] Please note, any transcripts and/or translations of documents or audio recordings provided in discovery by the government prior to a hearing or trial that are not marked "final" are draft transcripts/translations that are being provided at this time for the convenience of the defendant(s) and defense counsel, and which are intended to be used only for the purposes of hearing and trial preparation, and for no other purpose. By accepting these documents, you agree that such draft transcripts/translations will not be used in any way at any proceeding to conduct

I.   The Government's Discovery

   A.   Individual Discovery

   Individual discovery is being provided separately to counsel for each defendant, under separate cover letters. This material includes, *inter alia*, each defendant's criminal history.

   B.   Documents and Tangible Objects[2]

   1. Copies of 21 boxes of judicial and prosecution documents, including legal applications, affidavits, orders and evidentiary documents, connected to Government of El Salvador ("GOES") investigations entitled "Caso Jaque" and "Caso Cuscultan," which were provided to the United States Department of Justice ("USDOJ") by the El Salvador Attorney General's Office ("ESAGO"), pursuant to a Mutual Legal Assistance Treaty ("MLAT"), have been stamped 000001 – 081643.

   2. Copies of audio recordings connected to GOES investigations entitled "Caso Jaque" and "Caso Cuscultan, which were provided to the USDOJ by the ESAGO, pursuant to an MLAT, have been stamped 081644 (consisting of 2,801 Files, 11 GB).

   3. Copies of reports prepared by the Department of Homeland Security, Homeland Security Investigations ("HSI"), summarizing intercepted communications occurring between May and July 2016, have been stamped 081645 – 081739.

   4. Spanish and draft translated copies of the February 6, 2020 Final Judgment of the Specialized Sentencing Court of El Salvador, have been stamped 087675 – 089891.

   5. Copies of written materials, including legal applications, affidavits, orders, and evidentiary documents, as well as related audio recordings, from a GOES investigation of MS-13 leaders with connections to the United States, occurring in approximately 2015-2016, which were obtained pursuant to an MLAT, have been stamped 081740 (59.3 GB), and 081741 – 087674.

---

cross-examination of any witness or to impeach or call into question the accuracy of any final transcript or translation.

   [2]   The documents and materials referenced herein that have been stamped with control numbers 000001 through 089893 were previously provided by hand to counsel for defendant Elmer Canales-Rivera under cover letter dated April 17, 2024. The balance of the materials referenced herein constitute supplemental discovery for Canales-Rivera.

6. Forensic extraction of a tablet and cellular telephone recovered from MS-13 member Miguel Angel Serrano-Medina, also known as "Cabro De Park View," has been stamped 089892.

7. Forensic extraction of a cellular telephone recovered from MS-13 member Juan Manuel Chavez Aguilar, also known as "Saymon," has been stamped 089893.

8. An Incident Report from the Marin County Sheriff's Office, dated May 8, 2017, reflecting transcriptions and draft translations of certain digital files containing the "MS-13 Testament," or bylaws, has been stamped 089894 – 089925.

9. Wilas (prison kites) obtained in November 2020 from the Ministerio de Justicia y Seguridad Pública (MJSP) of El Salvador, has been stamped 089926 – 090001.

10. Draft transcriptions and translations of consensually-recorded and monitored calls and text-messages made by a confidential source at the direction of the Federal Bureau of Investigation (FBI), have been stamped 090002 – 090014, 090610 – 090615, 092615 – 092627, 092703 – 092716, and 092717 – 092734.

11. Linesheets and draft translations of intercepted calls obtained by La Fiscalía General de la República (FGR) CITE (wire center) in El Salvador, for target lines 310-941-7922 and 732-213-8184, have been stamped 090015 – 090609, 090616 – 092614, and 092628 – 092702.

12. Draft transcriptions/translations of seized wilas, have been stamped 092735 – 092824.

13. Wilas and analysis reports from MJSP provided to the FBI in February 2021, have been stamped 092825 – 092874.

14. FBI Cryptanalysis and Racketeering Records Unit laboratory report, dated March 18, 2021, and related documents and records, have been stamped 092875 – 092889.

15. Wilas sent in approximately September 2022, have been stamped 092890 – 092903.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

D.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling one or more experts at trial to testify regarding the organization, structure, and operations of the MS-13; ballistics, firearms and explosives identification and examination; forensic pathology, including autopsies and causes and manners of death; cellsite location information; and forensic examinations of cellular telephones and other electronic devices.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E.  Brady Material

The government is assessing whether there is any exculpatory material regarding the defendant(s). The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that each of the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that each defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that each defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of each defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by each of the defendants during his period of incarceration at a BOP facility (collectively, "BOP email communications"). Although it is the government's position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by December 20, 2024. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney(s) with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact the undersigned government counsel.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial

disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

          Very truly yours,

          BREON PEACE
          United States Attorney

By:   /s/ Justina L. Geraci
       Justina L. Geraci
       John J. Durham
       Paul G. Scotti
       Assistant U.S. Attorneys
       (631) 715-7900

Enclosures

cc:    Clerk of the Court (JMA) (by ECF) (without enclosures)